YM

FILED
FEBRUARY 1, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 721

JUDGE GRADY
MAGISTRATE JUDGE BROWN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA SRONKOSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| SCHAUMBURG SCHOOL DISTRICT ) | |
| NO. 54, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, LINDA SRONKOSKI ("SRONKOSKI"), by her undersigned attorney, Josh Friedman, and complains against the Defendant, SCHAUMBURG SCHOOL DISTRICT NO. 54 ("Defendant"), as follows:

### INTRODUCTION

1. This is an action under the Americans with Disabilities Act (the "ADA") against Defendant for its discriminatory treatment and unlawful termination of SRONKOSKI, a qualified individual with a disability. This action also contains a state law claim for intentional infliction of emotional distress.

### PARTIES

2. SRONKOSKI is an individual who presently resides in Hoffman Estates, Illinois. SRONKOSKI is a citizen of the United States of America and she is entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

3. Defendant is a public school district located in Schaumburg, Illinois and has, on information and belief, in excess of 500 employees. Defendant qualifies as an employer for purposes of the ADA.

## JURISDICTION AND VENUE

4. This action arises under, and jurisdiction is founded on, 28 U.S.C. §§ 1331 and 1343(4); and the Americans with Disabilities Act, 42 U.S.C. §12101 and the Civil Rights Act of 1991. SRONKOSKI also alleges a state law claim for intentional infliction of emotional distress, and supplemental jurisdiction is founded on 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a). This is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

6. SRONKOSKI timely filed a Charge of Discrimination claiming she had been discriminated against on or about May 17, 2007.

7. Upon request, the Civil Rights Division of the U.S. Department of Justice issued a Notice of Right to Sue to SRONKOSKI's attorney on November 8, 2007, which was received by him on November 13, 2007. This action has been filed within 90 days of receipt of that Notice. (A Copy of the Notice of Right to Sue is attached as Exhibit A.)

8. SRONKOSKI has exhausted her federal administrative remedies and under U.S.C. § 2000e-5 has standing to file an ADA action against Defendant.

## **FACTS COMMON TO ALL COUNTS**

9.  SRONKOSKI began her employment with Defendant in 1996 as a special education teacher's assistant at one of the school's within Defendant's district. SRONKOSKI was a special education teacher's assistant at all times relevant hereto until the time of her discharge.

10. At all times relevant hereto, SRONKOSKI suffered from diabetes, and she has a substantial visual impairment due to her diabetes. As a result of these medical conditions, SRONKOSKI was substantially limited in the major life activities of, *inter alia*, seeing, concentrating, and eating.

11. At all times relevant hereto, Defendant was aware that SRONKOSKI suffered from diabetes and from a substantial visual impairment.

12. Despite SRONKOSKI's diabetes and visual impairment, and the substantial limitations resulting therefrom, she was able to perform the essential functions of her job, and, at all times relevant hereto, she performed her job satisfactorily.

13. Beginning in or around 2004, SRONKOSKI repeatedly requested from defendant, as a reasonable accommodation for her disability, that she be given temporary short breaks when she experienced problems with her blood sugar level, which would allow her to eat or drink foods necessary to balance her blood sugar levels. Alternatively, she requested that she be allowed to ask another employee to get her the necessary food and drink when she experienced low blood sugar levels.

14. Defendant repeatedly refused SRONKOSKI's requests for an accommodation.

15. On or about November 16, 2006, Defendant discharged SRONKOSKI because of her disability.

16. Defendant's conduct in refusing to accommodate SRONKOSKI constituted a continuing campaign against SRONKOSKI intended to result in the discharge of her from her employment, which was motivated by SRONKOSKI's disability and because Defendant regarded her as disabled.

## COUNT I – VIOLATION OF THE ADA

17. Plaintiff realleges paragraphs 1-16 as paragraph 17 as if set forth fully herein.

18. At all times relevant hereto, SRONKOSKI was a qualified individual with a disability because her diabetes and visual impairment substantially limited her in the major life activities of, inter alia, seeing, concentrating and eating. In the alternative, SRONKOSKI was a qualified individual with a disability because Defendant regarded her as being substantially limited in the major life activities of, inter alia, concentrating and working.

19. At all times relevant hereto, SRONKOSKI was an employee of defendant as that term is defined under 42 U.S.C. § 12111(4).

20. At all times relevant hereto, SRONKOSKI was able to perform the essential functions of her position with or without an accommodation by the Defendant.

21. Defendant is an employer and a covered entity under the ADA, 42 U.S.C. § 12111(a)(5)(a).

22. Defendant discriminated against SRONKOSKI on the basis of her disability in fact, and her perceived disability, in violation of the ADA by refusing to

accommodate her disability and then terminating her because of her disability on or about November 16, 2006.

23. Defendant's conduct with regard to SRONKOSKI demonstrated an egregious and callous disregard of her rights under the ADA.

24. As a direct and proximate result of Defendant's unlawful conduct, SRONKOSKI has suffered severe emotional distress, lost wages and employee benefits, and she will continue to lose wages and benefits in the future.

## COUNT II – 
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. SRONKOSKI reasserts and realleges paragraphs 1-16 as paragraph 25 of Count II as if set forth fully.

26. Defendant, with full knowledge of SRONKOWSKI'S medical conditions, refused her requested accommodations.

27. Defendant's ongoing refusal to accommodate SRONKOSKI'S medical conditions was part of a campaign intended to cause Ms. Sronkoski to appear to be unable to perform her job satisfactorily, thereby giving it a pretext to discharge her. This campaign, which culminated in Defendant's discharge of SRONKOSKI, constituted extreme and outrageous conduct.

28. Defendant acted with intent to inflict severe emotional distress upon SRONKOSKI, or Defendant had knowledge that its conduct would inflict severe distress on SRONKOSKI.

29. Defendant's actions proximately caused severe emotional distress to SRONKOSKI.

WHEREFORE, Plaintiff prays for the following:

(a) Trial by Jury on the charges raised in her Complaint, and those investigated with the EEOC and advancement on the Court's docket for a speedy hearing;

(b) That Plaintiff have and recover from the Defendants reinstatement or front pay, back wages and lost benefits with interest, pre and post judgment interest, compensatory, consequential and punitive damages for emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses under Title VII, Section 1981, and the ADA and under the laws of the State of Illinois for Defendants' conduct and for any other damages to which Plaintiff may be entitled under federal and/or state law;

(c) That Plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. Section 1988 and any other attorney fee statutes; and

(c) Grant such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY ON ALL CLAIMS HEREIN**

                              Respectfully Submitted,

                              LINDA SRONKOSKI

                              By: /s/ Josh Friedman
                                  One of her Attorneys

JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
120 S. State St., Suite 200
Chicago, Illinois 60603
(312) 727-0999
Illinois A.R.D.C. No. 6220313
Attorney for Plaintiff

JOAN MALONEY
Law Office of Joan Maloney, LLC
1834 W. Rice St., Unit A
Chicago, IL 60622
(773) 391-4516
Illinois A.R.D.C. No. 6225530
Attorney for Plaintiff