UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA SRONKOSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 08 C 721 |
| v. | ) |
| | ) Judge John F. Grady |
| SCHAUMBURG SCHOOL | ) |
| DISTRICT 54, | ) Magistrate Judge Geraldine Brown |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COUNT II
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
FROM PLAINTIFF'S COMPLAINT**

Defendant, SCHAUMBURG SCHOOL DISTRICT NO. 54 (hereinafter referred to as the "District"), by and through its attorneys, Franczek Sullivan P.C., submits the following Memorandum of Law in support of its Motion to Dismiss Count II (intentional infliction of emotional distress) of Plaintiff's Complaint.

**INTRODUCTION**

Plaintiff, Linda Sronkoski (hereinafter "Sronkoski" or "Plaintiff") was employed by the District as a special education teacher's assistant from the start of the 1996-1997 school year through November 16, 2006, but for a two year medical leave of absence from June 1999 through August 2001. On November 16, 2006, the District discharged Sronkoski. In her Complaint ("the Complaint"), Sronkoski attempts to parlay disability discrimination claims under the Americans with Disabilities Act (ADA) into a state common law claim of intentional infliction of emotional distress ("IIED"). This state law claim should be dismissed for three reasons. First, it is barred by the exclusivity

provision within the Illinois Human Rights Act. ADD CITE. Second, the IIED claim is time-barred under the statute of limitations set forth in the Illinois Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq*. Finally, Plaintiff's claim should be dismissed because the facts she asserts fall far short of the type of conduct necessary to give rise to a claim of IIED. Accordingly, Plaintiff's IIED claim must be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

## ARGUMENT

### I. Standard of Review

In ruling on a motion to dismiss, the Court must accept as true all well-pled allegations in the Complaint; however the Court is not constrained by the legal characterizations placed on allegations made by a plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Wroblewski v. City of Washburn*, 965 F.2d 452, 453 (7th Cir. 1992). Thus, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), cert denied, 123 S.Ct. 1287 (2003) (citations omitted). Although federal cases require notice, not fact pleading, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). In agreeing that the plaintiff's complaint fell short under the 12(b)(6) standard, the United States Supreme Court recently held:

---

[1] In accordance with Rule 12(b)(1) and 12(b)(6), the District assumes the truth of the allegations in Plaintiff's Complaint solely for purposes of this Motion. The District does not concede the truth of these allegations for any other purpose.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted); *In re Katrina Canal Breaches Lit.*, 2007 WL 2200004 (5th Cir. Aug. 02, 2007) (citing *Twombly*, 127 S.Ct. at 1959) (attached as Exhibit 1)[2]. Here, the facts that Plaintiff alleges in her Complaint confirm that she has no actionable common law claims against the District.

## II. Plaintiff's IIED Claim Must Be Dismissed With Prejudice Because It Is Preempted By The Illinois Human Rights Act.

Plaintiff's IIED claim is premised on the exact same allegations as her claim of disability discrimination. Accordingly, this claim is barred by the Illinois Human Rights Act's ("IHRA") exclusivity provision.

The IHRA states in pertinent part, "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(D) (2008) *Tessendorf v. Edward Hines Lumber Co.*, 393 F.Supp.2d 686, 690-91 (N.D. Ill. 2005). . The IHRA preempts a tort claim if it is "inextricably linked" to a civil rights violation such that there is no independent basis for the action apart from the IHRA itself. *Geise v. Phoenix Co. of Chicago*, 159 Ill.2d 507, 516, 639 N.E.2d 1273, 1277 (Ill. 1994); see also *Quantock v. Shared Marketing Services,* 312 F.3d 899, 905 (7th Cir. 2002) (determining that the plaintiff's IIED claim was preempted under the IHRA because it was premised on the

---

[2] All Westlaw citations to unreported cases are attached as exhibits.

370815.1

same allegations as her sexual harassment claim); *Shelton v. Ernst & Young, LLP*, 143 F.Supp.2d 982, 991 (N.D. Ill. 2001) (finding the plaintiff's negligent infliction of emotional distress and IIED claims preempted under the IHRA because the only allegations in the plaintiff's complaint relating to emotional distress were his race and gender discrimination claims); *Tucker v. Cassidy, Schade & Gloor*, 2000 WL 968828 at *5 (N.D. Ill. July 13, 2000) (finding the plaintiff's negligent infliction of emotional distress claim was preempted by the IHRA because if her race and age claims were removed from the complaint, she would have no foundation for her negligent infliction of emotional distress claim) (attached as Exhibit 2); *Smith v. Chicago Park Dist.*, 1999 WL 33883 at *5 (N.D. Ill. Jan. 11, 1999) affirmed by 221 F.3d 1889 (Table) (7th Cir. 2000) (trial court holding that the plaintiff's IIED claim was preempted under the IHRA because it was predicated on the same facts as the sexual harassment and racial harassment claims) (attached as Exhibit 3).

Plaintiff's IIED claim is premised on the same allegations presented in support of her discrimination claim in Count I. (See Compl., ¶15, ¶16, ¶17, ¶23, and ¶24). Indeed, Plaintiff's disability discrimination claim is indistinguishable from her IIED claim. Moreover, the Plaintiff has not and can not allege facts relevant to her discharge sufficient to establish the elements of IIED. Because Plaintiff's IIED claim is not merely incident to, but wholly dependant on and "inextricably linked" to her ADA disability discrimination claim, Count II must be dismissed with prejudice.

**III. Plaintiff's IIED Claim Must Be Dismissed With Prejudice Because It Is Time-Barred Under The Tort Immunity Act.**

Plaintiff's Complaint is time-barred under the Tort Immunity Act. Under the Tort Immunity Act, "no civil action … may be commenced in any court against a local entity

or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of the action accrued." 745 ILCS 10/8-101. Indeed, "the comprehensive protection afforded by [the Tort Immunity Act] necessarily controls over other statute of limitation or repose." *Paszkowski v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 213 Ill.2d 1, 13, 820 N.E.2d 401, 408 (Ill. 2004) (plaintiff's complaint time-barred since the one-year limitation period in Section 8-101 of the Tort Immunity Act controls over the four-year limitation period in Section 13-214(a) of the Code); *Griffin v. Willoughby*, No. 4-06-0415, 2006 WL 3775299 *6 (Ill.App.Ct. 4th Dist. Dec. 15, 2006) (Section 8-101 of the Tort Immunity Act controls over Section 13-202 of the Code thus time-barring plaintiff's complaint) (attached as Exhibit 4); *Basham v. Hunt*, 332 Ill.App.3d 980, 990, 773 N.E.2d 1213, 1223 (1st Dist. 2002) (plaintiff had to file complaint within one year after she was no longer legally disabled since Section 8-101 of the Tort Immunity Act controls over Section 13-211 of the Code).

Here, the Plaintiff has filed her claim of injury more that a year past the date of her discharge. Accordingly, her claim is time-barred by the Tort Immunity Act and should be dismissed.

**IV.    Defendant Fails To State An Actionable IIED Claim.**

Even if Plaintiff's IIED claim was not preempted and time-barred, it still must be dismissed with prejudice because Plaintiff failed to state an actionable IIED claim. A claim for intentional infliction of emotional distress has four elements: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so (3) the defendant's conduct actually caused severe emotional distress."

*Tuite v. Corbitt,* 358 Ill.App.3d 889, 899, 830 N.E.2d 779, 789 (3rd Dist. 2005) reversed on other grounds, 224 Ill.2d 490, 866 N.E.2d 114 (Ill., 2006) (dismissal of IIED claim not raised on appeal).

Plaintiffs conclusory allegation of the District's "refusal to accommodate SRONKOSKI's medical condition" being apart of a "campaign" to cause Sronkoski to "appear unable to perform her job satisfactorily," even if proven at trial does not meet the extreme and outrageous standard necessary to maintain a cause of action of IIED. See *Turkus v. Utility Manufacturing Co., Inc*, 2007 WL 1040986 at *1 (D.N.J. Apr. 4, 2007) (Rule 12(b)(6) motion to dismiss granted where conclusory statements that defendants intentionally and recklessly subjected plaintiff to extreme and outrageous conduct related to employment discrimination was found insufficient as a matter of law to state a claim for IIED) (attached as Exhibit 5); see also *Reddy v. Medquist, Inc.,* 2007 WL 2245775 at *5 (D.N.J. Aug. 1, 2007) (Rule 12(b)(6) motion to dismiss granted where plaintiff's allegations involved employment-related complaints regarding changes in company policy, poor work environment, retaliation, loss of bonus, inability to transfer, unpleasant work assignments and termination were insufficient as a matter of law to meet the extreme and outrageous standard) (attached as Exhibit 6); see also *Bruce v. South Stickney Sanitary Dist.*, 2001 WL 968726, at *4 (N.D. Ill. Aug. 24, 2001) (holding that the plaintiff did not state a claim for IIED where her supervisor kissed her and implicitly threatened her job if she failed to comply with his advances) (attached as Exhibit 7).

Federal Courts have not hesitated to dismiss such deficient claims at the pleading stage pursuant to Federal Rule of Civil Procedure 12(b)(6). See *Turkus*, supra; *Reddy*, supra; *Bruce,* supra. Accordingly, Plaintiff's Count II should be dismissed with prejudice.

370815.1

**V.    Punitive Damages Are Not Available In An IIED Claim.**

The Illinois Supreme Court and the Seventh Circuit have held that punitive damages are not available in an action for IIED. See *Knierim v. Izzo*, 174 N.E.2d 157, 165 (Ill. 1961); *Littlefield v McGuffey*, 954 F.2d 1337, 1345 n.3 (7th Cir. 1992) (stating "[u]nder Illinois common law, punitive damages are not available in an action for intentional infliction of emotional distress because outrageous conduct is an element of the action); see also *Mendez v. Franklin Park*, 1999 WL 202907 at *7 (N.D. Ill. March 29, 1999) (striking the plaintiff's IIED punitive damages claim) (attached as Exhibit 8). Therefore, Plaintiff's punitive damage claim for IIED must be dismissed.

### CONCLUSION

For the reasons set forth above, Plaintiff fails to state a viable cause of action for intentional infliction of emotional distress against the Defendant Schaumburg School District No. 54. Accordingly, the District respectfully requests that this court enter an order dismissing Count II of Plaintiff's Complaint with prejudice.

Respectfully submitted,

SCHAUMBURG SCHOOL
DISTRICT NO. 54

By:  **s/Dana Fattore Crumley**
    One of its Attorneys

Dana Fattore Crumley - 06274759
Julie Miceli - 06293378,  (OH – 0078257)
Franczek Sullivan P.C.
300 South Wacker Drive
Suite 3400
Chicago, Illinois 60606-6783
(312) 986-0300

Dated:  February 27, 2008

370815.1