Not Reported in F.Supp.2d                                            Page 1
Not Reported in F.Supp.2d, 1999 WL 33883 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**Smith v. Chicago Park Dist.
N.D.Ill.,1999.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern
Division.
W. Mauldin SMITH, Plaintiff,
v.
CHICAGO PARK DISTRICT, a municipal company,
the City of Chicago, a municipal company, the
Personnel Board of the Chicago Park District,
Michelle Minor Bruske, Commissioner of the
Chicago Park District, individually in her official
capacity, John Tito, in his official capacity, and
James Lozaies, individually in his official capacity,
Defendants.
**No. 98 C 1691.**

Jan. 11, 1999.

MEMORANDUM OPINION AND ORDER

HART, District J.
   **\*1** During parts of August and September 1997,
*pro se* plaintiff Mauldin Smith was briefly employed
by defendant Chicago Park District. According to the
allegations of the pleadings,[FN1] plaintiff was harassed
because of his race and sex and then discharged
because of race and sex discrimination and in
retaliation for complaining about the discriminatory
harassment. Plaintiff alleges that the stated reason for
his discharge was that a fingerprint search revealed
that he had prior criminal convictions. Plaintiff
claims that information was incorrect and, liberally
construing his pleadings, his allegations are to be
read as stating that, because of defendants'
discrimination, they refused to recognize or examine
that the fingerprint report was incorrect. In addition
to naming the Park District as a defendant, plaintiff
has also named two Park District employees as
defendants, John Tito and Michelle Minor
Bruske.[FN2]Plaintiff brings claims pursuant to Title
VII of the Civil Rights Act of 1964 ("Title VII"), 42
U.S.C. § 2000e*et seq.*, and supplemental state law
claims. Presently pending is the Park District
defendants' motion to dismiss all claims except the
Title VII race discrimination (Count IV) and sex
discrimination (Count VI) claims against the Park
District.

FN1. Presently pending is plaintiff's Second
Amended complaint. However, because
plaintiff is proceeding *pro se* and his Second
Amended Complaint does not contain some
of the basic factual information set forth in
his original complaint, the original
complaint is considered as well as factual
allegations contained in plaintiff's other
pleadings, including his response to the
motion to dismiss. *See Swofford v.
Mandrell, 969 F.2d 547, 549 (7th Cir.1992);
Matzker v. Herr, 748 F.2d 1142, 1148 n. 5
(7th Cir.1984).*

FN2. Plaintiff also names the Personnel
Board of the Chicago Park District as a
defendant, but does not specifically allege
any conduct that it engaged in and makes no
argument in opposition to defendants'
motion to dismiss that defendant. The
Personnel Board will be dismissed from this
action. Additionally, the Second Amended
Complaint also included claims against the
City of Chicago and some of its employees.
Those claims, however, have been settled
and were previously dismissed.

   On a motion to dismiss, plaintiff's well-pleaded
allegations of fact are taken as true and all reasonable
inferences therefrom are drawn in plaintiff's favor.
*Leatherman v. Tarrant County Narcotics &
Intelligence Unit, 507 U.S. 163, 164-65 (1993);
Swofford v. Mandrell, 969 F.2d 547, 549 (7th
Cir.1992).* Plaintiff is a lawyer, although not
presently engaged in the practice of law. Therefore,
his pleadings are entitled to some deferential
treatment, but not as liberal of treatment as a *pro se*
plaintiff who was never trained in the law nor
licensed to practice. *Cf. id.;Haines v. Kerner, 404
U.S. 519, 521 (1972); Robinson v. Maentanis, 1997
WL 391830 \*1 n. 3 (N.D. Ill. June 9, 1997), aff'd by
unpublished order,139 F.3d 902 (7th Cir.), cert.
denied,119 S.Ct. 232 (1998); Moran v. Illinois State
Police, 1993 WL 210107 \*1 n. 1 (N.D. Ill. June 11,
1993).* In considering plaintiff's allegations,
allegations contained in his answer to the motion to
dismiss should be considered even if not contained in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00721    Document 10-4    Filed 02/27/2008    Page 2 of 5

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 1999 WL 33883 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

his complaint or attachments to the complaint. *Swofford,* 969 F.2d at 549;*Matzker v. Herr,* 748 F.2d 1142, 1148 n. 5 (7th Cir.1984). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed.R.Civ.P. 8(a); *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir.1996). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed.R.Civ.P. 8(a)(2); *Jackson v. Marion County,* 66 F.3d 151, 153-54 (7th Cir.1995); *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997). It is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. *Albiero,* 122 F.3d at 419;*Bartholet v. Reishauer A.G. (Zürich),* 953 F.2d 1073, 1078 (7th Cir.1992); *Black v. Lane,* 22 F.3d 1395, 1400 (7th Cir.1994). It is also true that a party can plead himself or herself out of court by alleging facts showing no viable claim. *Jackson,* 66 F.3d at 153-54;*Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir.1993); *cert. denied,*511 U.S. 1085 (1994); *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992).

**\*2** The counts of plaintiff's Second Amended Complaint are broken down as follows.[FN3]Counts IV, V, and VI are Title VII claims for, respectively, race discrimination, retaliation, and sex discrimination. All the other claims are supplemental state law claims. *See*28 U.S.C. § 1367. Count VII alleges a retaliatory discharge in violation of Illinois public policy in that plaintiff was discharged for opposing discrimination. Count IX claims defamation per se for reporting to other employers or prospective employers that Smith had committed crimes even though defendants knew this information was false. Count X claims that plaintiff's treatment during his employment constituted the intentional infliction of severe emotional distress. Count XI, XII, and XIII, respectively, claim negligent hiring, negligent supervision, and negligent retention of the employees that harassed plaintiff and discriminated against him. Count XIV is labeled as a claim for negligence with respect to duties owed to plaintiff and Count XV as a claim for gross negligence with respect to duties owed to plaintiff.

> FN3. Counts I, II, III, and VIII pertained only to the City defendants, so they were

previously dismissed.

The individual defendants correctly argue that they cannot be liable under Title VII; such claims may only be brought against plaintiff's employer, the Park District. *Williams v. Banning,* 72 F.3d 552 (7th Cir.1995); *Cianci v. Pettibone Corp.,* 152 F.3d 723, 729 (7th Cir.1998). However, because defendants are state actors, the race and sex discrimination claims, and related retaliation claims, can also be made pursuant to 42 U.S.C. § 1983. *See, e.g., Welch v. Johnson,* 907 F.2d 714, 721 (7th Cir.1990). Additionally, the race discrimination claim can be raised pursuant to 42 U.S.C. § 1981, including claims of harassment and retaliation. *Gonzalez v. Ingersoll Milling Machine Co.,* 133 F.3d 1025, 1033-34 (7th Cir.1998); *Adams v. City of Chicago,* 865 F.Supp. 445, 446 (N.D.Ill.1994). Furthermore, this action was filed well within the two-year statute of limitations period for § 1983 and § 1981. *See Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir.1998); *Smith v. City of Chicago Heights,* 951 F.2d 834, 839 (7th Cir.1992). Since plaintiff alleges personal involvement on the part of Tito and Bruske, the discrimination claims may be pursued against them individually under both § 1983 and § 1981.

Count IV will be construed as a Title VII claim against the Park District [FN4] and a § 1983 and § 1981 claim against the individual defendants. Count V will be construed as a Title VII claim against the City and a § 1983 and § 1981 (race only) claim against the individual defendants. Count VI will be construed as a Title VII claim against the Park District and a § 1983 claim against the individual defendants.

> FN4. Plaintiff does not allege a municipal policy or custom that would support a § 1983 or § 1981 claim against the Park District. *See K.I. Morgan Co. v. Chicago Transit Authority,* 25 F.Supp.2d 886, 1998 WL 804915 \*3 (N.D.Ill. Nov. 20, 1998).

The Park District also argues that punitive damages may not be awarded against it on the federal discrimination claims. This is correct as to Title VII, 42 U.S.C. § 1981a(b)(1); § 1983, *Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); and § 1981, *Bell v. City of Milwaukee,* 746 F.2d 1205, 1270 (7th Cir.1984). The Count IV through VI punitive damages claims against the Park District will be

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

stricken.

*3 Defendants argue that Count V should be dismissed because plaintiff did not include retaliation in the written charge he filed with the EEOC. Ordinarily, it is inappropriate to consider exhaustion of administrative remedies on a motion to dismiss. See *Adamczyk v. Lever Bros. Co.*, 991 F.Supp. 931, 934 (N.D.Ill.1997). Here, defendants provide a copy of the EEOC charge of discrimination showing that only race and sex discrimination were charged and plaintiff alleges in his complaint that he filed timely charges as to "Harassment, Race Discrimination." Plaintiff's *pro se* response to the motion to dismiss is difficult to understand. It is unclear whether he admits that retaliation was never raised before the EEOC. Moreover, failing to specifically mention a claim in the EEOC charge does not absolutely preclude incorporating it in a later Title VII lawsuit. The lawsuit may include claims that reasonably relate to or grow out of the original charge. See *McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 481 (7th Cir.1996). The current presentation is an inadequate basis for making such a determination. Moreover, even if the Title VII retaliation claims were to be dismissed for failure to present to the EEOC, plaintiff would still be able to proceed on § 1983 and § 1981 retaliation claims against the individual defendants. Count V will not be dismissed on the present motion.

Counts XIV and XV assert generally negligence and gross negligence. In response to the motion to dismiss, plaintiff makes no attempt to support these claims with either case law or by identifying a particular type of negligence claim. Counts XIV and XV will be dismissed.

As to the other state law claims, defendants contend those claims are preempted by the Illinois Human Rights Act ("IHRA") which provides: "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in" the IHRA. 775 ILCS 5/8-111(C). A recent Illinois Supreme Court decision makes clear that such preemption is limited to situations where the claim made is dependent on a legal duty imposed by the IHRA. Where the claim exists independent of any legal duty of the IHRA, the claim is not preempted.*Maksimovic v. Tsogalis*, 177 Ill.2d 511,

687 N.E.2d 21, 23-24 (1997). Preemption does not apply where two claims are merely factually linked; instead the *legal* bases for the claims must be inextricably linked. *Warnell v. Ford Motor Co.*, 1998 WL 748328 *2 (N.D.Ill. Oct. 22, 1998); *McCaleb v. Pizza Hut of America, Inc.*, 1998 WL 474103 *7 (N.D.Ill. Aug. 3, 1998); *Heno v. Sprint/United Management Co.*, 1998 WL 341816 *2 (N.D. Ill. June 15, 1998). Each of plaintiff's particular claims must be considered in determining whether it is inextricably linked to discrimination claims that could have been brought under the IHRA.

Count VII is a common law claim of retaliatory discharge. Plaintiff claims he was retaliated against for complaining about discriminatory treatment and harassment. The IHRA provides a remedy for precisely such retaliation. As a common law claim, the basis for such a discharge being a violation of public policy would be the same policies that underlie the IHRA. This claim is preempted by the IHRA. *Moreland v. Hu-Friedy Manufacturing Co.*, 1997 WL 543066 *11 (N.D.Ill. Aug. 29, 1997); *Corluka v. Bridgford Foods of Illinois, Inc.*, 284 Ill.App.3d 190, 671 N.E.2d 814, 817 (1st Dist.1996), *appeal denied*,175 Ill.2d 525, 689 N.E.2d 1138 (1997). Alternatively, no common law remedy would be recognized because there are adequate statutory remedies provided by the IHRA and Title VII. *Moreland, supra.*Count VII will be dismissed.

*4 Count IX is a defamation claim based on allegedly false statements to employers or prospective employers that plaintiff had committed crimes. Even if such statements were motivated by racial or sexual discrimination, the underlying legal duty is independent of any IHRA duty. There is at most, a factual link, not linking legal bases. Count IX is not preempted by the IHRA. *Cf. Williams v.. Marriott Corp.*, 1997 WL 457820 *4-5 (N.D.Ill. Aug. 5, 1997).

The Park District also argues that it is immune from defamation claims. Illinois law provides that "[a] local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material."745 ILCS 10/2-107. This immunity applies to the defamation claim against the Park District, but

Case 1:08-cv-00721    Document 10-4    Filed 02/27/2008    Page 4 of 5
Not Reported in F.Supp.2d                                                                        Page 4
Not Reported in F.Supp.2d, 1999 WL 33883 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

does not apply to the individual defendants. Count IX as against the Park District will be dismissed.

In their reply, defendants argue for the first time that the defamation claim against the individual defendants should be dismissed because plaintiff has not alleged the specific defamatory statements. Defendants concede they failed to raise this argument in their opening brief, but contend it can be considered plaintiff's answer brief (at 50-52) addressed this issue. Plaintiff addresses whether statements about crimes constitute defamation *per se,* but he does not address the pleading standard. Nevertheless, this issue will be considered because plaintiff would still have the opportunity to attempt to replead the defamation counts.

A consistent line of district court cases, applying federal pleading standards, holds that the specific defamatory words must be alleged. *See Goldstein v. Kinney Shoe Corp.,* 931 F.Supp. 595, 597 (N.D.Ill.1996); *Pelech v. Klaff-Joss, LP,* 828 F.Supp. 525, 534 (N.D.Ill.1993); *Vantassell-Matin v. Nelson,* 741 F.Supp. 698, 707 (N.D.Ill.1990); *Seaphus v. Lilly,* 691 F.Supp. 127, 134 (N.D.Ill.1988).*See also Harding v. Rosewell,* 22 F.Supp.2d 806, 818 (N.D.Ill.1998).*But compare Kapetanovic v. Cannell,* 1998 WL 474141 *3 (N.D.Ill. Aug. 6, 1998) (need not plead specific facts supporting malice element of defamation claim).*Compare also Leatherman,* 507 U.S. at 168 (indicating that specific pleadings are not required except as expressly required by Rule 9(b)). The Seventh Circuit has indicated that, at least indirectly, specific pleading of defamation may be necessary. *See Barnes v. Callaghan & Co.,* 559 F.2d 1102, 1105-06 & n. 5 (7th Cir.1977) (slander claim under Illinois law is not filed within statute of limitations until publication and other details are specifically alleged in the complaint). Neither the Second Amended Complaint itself nor plaintiff's response to the motion to dismiss contains the specific defamatory statements allegedly made. Count IX, as against Tito and Bruske, will be dismissed without prejudice to promptly moving to amend the complaint to include specific allegations of the defamatory statements.

**\*5** Count X alleges intentional infliction of emotional distress based on plaintiff being harassed and discriminated against because of his race and sex. Count X incorporates the Title VII allegations and further alleges:

80. The Defendants, ..., Chicago Park District, Commissioner Michelle Minor Bruske and John Tito, during the course of Plaintiff's employment, caused Plaintiff extreme emotional distress. The acts of the Defendants were outrageous, wilful and malicious. Defendants were aware of the distress caused the Plaintiff, but failed to stop their wrongful actions.

81. The above constituted intentional infliction of emotional distress under Illinois law, and the actions of Defendants herein are a violation of the Civil Rights Act and of Illinois law.

Plaintiff relies on the same conduct that underlies his Title VII claims, but contends there is no preemption because the emotional distress claim is based on an abuse of power while the Title VII claim (and any similar IHRA claim) requires no such proof, instead requiring proof of an improper animus. The racial or gender motivation, however, would still be pertinent to determining whether any conduct proven was outrageous. Moreover, plaintiff does not allege any mistreatment distinct from the discriminatory misconduct. Under those circumstances, the emotional distress claim is inextricably linked with a claim that could have been brought pursuant to the IHRA. *See EEOC v. Foster Wheeler Constructors, Inc .,* 1998 WL 850810 *3 (N.D.Ill.Dec. 2, 1998); *Quiroz v. Ganna Construction,* 1998 WL 386344 *2 (N.D.Ill. July 8, 1998); *Ratley v. City of Aurora,* 1998 WL 30697 *4 (N.D.Ill. Jan. 22, 1998); *Silk v. City of Chicago,* 1997 WL 790598 *17 (N.D.Ill.Dec. 17, 1997).*But compare Warnell,* 1998 WL 748328 at *2 & n. 2. Count X will be dismissed.

Counts XI, XII, and XIII claim negligent hiring, supervision, and retention of the employees who improperly discriminated against plaintiff. Such claims are inextricably linked with the IHRA and therefore are preempted. *See Geise v. Phoenix Co. of Chicago, Inc.,* 159 Ill.2d 507, 639 N.E.2d 1273, 1276-78 (1994); *Warnell,* 1998 WL 748328 at *2-3;*Cibrario v. American Drug Stores, Inc.,* 1998 WL 677167 *3-4 (N.D.Ill. Sept. 22, 1998); *Thomas v. L'Eggs Products, Inc.,* 13 F.Supp.2d 806, 808-09 (C.D.Ill.1998); *Quiroz,* 1998 WL 386344 at *2. These counts will be dismissed.

IT IS THEREFORE ORDERED that defendants' motion to dismiss various counts and remedies in Smith's Second Amended Complaint [19-1] is

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 33883 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

granted in part and denied in part. Counts VII, X, XI, XII, XIII, XIV, and XV of the Second Amended Complaint are dismissed with prejudice. The punitive damages prayer against defendant Chicago Park District is stricken. Count IX of the Second Amended Complaint is dismissed with prejudice as to defendant Chicago Park District and without prejudice as to defendants Michelle Minor Bruske and John Tito. Defendant Personnel Board of the Chicago Park District is dismissed from this action. By January 20, 1999, defendants shall answer the remaining allegations of the Second Amended Complaint. All discovery is to be completed by March 26, 1999. Status hearing set for January 26, 1999 at 9:15 a.m.

N.D.Ill.,1999.
Smith v. Chicago Park Dist.
Not Reported in F.Supp.2d, 1999 WL 33883 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.