Slip Copy
Slip Copy, 2007 WL 1040986 (D.N.J.)
(Cite as: Slip Copy)

Page 1

Turkus v. Utility Manufacturing Co., Inc.
D.N.J.,2007.
Only the Westlaw citation is currently available.NOT FOR PUBLICATION
United States District Court,D. New Jersey.
Steven TURKUS, Plaintiff,
v.
UTILITY MANUFACTURING CO., INC., and Audie Kranz, Defendants.
Civil No. 06-4218 (AET).

April 4, 2007.

Fran J. Garb, Morristown, NJ, for Plaintiff.
Howard Mankoff, Hillary Ann Fraenkel, Marshall, Dennahey, Warner, Coleman & Goggen, PC, Roseland, NJ, for Defendants.

### MEMORANDUM & ORDER

THOMPSON, U.S.D.J.

*1 This matter comes before the Court on Defendants Utility Manufacturing Co., Inc. ("Utility") and Audie Kranz's Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, pursuant to Fed.R.Civ.P. 56.[FN1] The Court has decided this motion after reviewing the submissions of the parties and without oral argument, pursuant to Fed.R.Civ.P. 78. For the following reasons, Defendants' Motion to Dismiss is granted.

> FN1. Because the Court will not rely on materials submitted by Defendants that are extraneous to the pleadings, the motion to dismiss will not be converted to a motion for summary judgment. See Gunson v. James, 364 F.Supp.2d 455, 460-61 (D.N.J.2005); see also Fed.R.Civ.P. 12(b).

### BACKGROUND

This dispute concerns the allegedly discriminatory and wrongful treatment Plaintiff received while employed by Defendants. Plaintiff, a resident of New Jersey, is a former employee of Utility, a New York corporation with its principal place of business in New York. Utility is owned and operated by Kranz, and manufactures and sells chemical products to heating and plumbing industries. (Compl.¶¶ 1, 3, 8.) Kranz hired Plaintiff as General Manager of the New York facility on December 7, 1998. (Compl.¶ 13.) Plaintiff's initial responsibilities included improving plant efficiency and quality assurance, purchasing, and personnel management. (Compl.¶ 15.) During Plaintiff's six years of employment, his job responsibilities increased and he received annual raises, including one raise shortly before his termination. (Compl.¶¶ 16-17, 19.)

Plaintiff was fifty-five years of age when he was hired in 1998. (Compl.¶ 12.) In 2004, Plaintiff began to suffer health problems that required various medical procedures and, at times, absences from his employment. (Compl.¶ 18.)

On March 25, 2005, Kranz dismissed Plaintiff without prior notice, citing Utility's downsizing and other economic reasons. (Compl.¶¶ 20-22.) Plaintiff alleges that Utility was actually enjoying record economic success at the time, and that Plaintiff's termination was the result of Defendants' age discrimination. (Compl.¶¶ 23-24.) Plaintiff claims that Kranz made numerous discriminatory statements to Plaintiff regarding his age, that Plaintiff was the only employee Krantz terminated during the claimed "downsizing," and that Kranz hired a younger and less qualified replacement before Plaintiff's termination. (Compl.¶¶ 24-26.)

On July 21, 2006, Plaintiff sued Defendants alleging: (1) discrimination based on age or disability, in violation of the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. § 10:5-1, et seq.; (2) breach of express and/or implied employment promises and breach of implied covenant of good faith and fair dealing; (3) intentional infliction of emotional distress; and (4) slander per se. The instant motion followed.

### DISCUSSION

*A. Standard of Review*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Under Fed.R.Civ.P. 12(b)(6), the Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."*Oatway v. Am. Int'l Group, Inc.,* 325 F.3d 184, 187 (3d Cir.2003). Further, "[t]he issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims."*Id.* In setting forth a valid claim, a plaintiff is required only to plead a "short and plain statement of the claim showing that the pleader is entitled to relief."Fed.R.Civ.P. 8(a)."[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

*B. First Count-NJLAD Violation*

*2 Plaintiff's First Count alleges that "Defendants have discriminated against Plaintiff based on his age or his disability, in violation of [NJLAD]." However, Plaintiff fails to state a claim under NJLAD because, although the statutory language of NJLAD does not explicitly require the protected employment to occur in New Jersey, New Jersey courts "have consistently ... only applied the NJLAD if the plaintiff worked in New Jersey."*Satz v. Taipina,* No. 01-cv-5921, 2003 U.S. Dist. LEXIS 27237, at *46 (D.N.J. Apr. 15, 2003), *aff'd,*122 F. App'x 598 (3d Cir.2005); *see also Buccilli v. Timby, Brown & Timby,* 660 A.2d 1261 (N.J.Super.Ct.App.Div.1995) (holding that NJLAD did not apply to a New Jersey resident who worked exclusively in Pennsylvania). Furthermore, while "NJLAD protects ... both residents and non-residents working in New Jersey ... [e]mployees working outside New Jersey, however, are not protected even if they are New Jersey residents." 18 Marvin M. Goldstein & Stanley L. Goodman, *New Jersey Practice* § 4.2 (2d ed.2007); *see also Kelman v. Foot Locker,* No. 05-cv2069, 2006 U.S. Dist. LEXIS 83465, at *17-18 (D.N.J. Nov. 16, 2006). Thus, Plaintiff cannot bring his employment discrimination claim under NJLAD. Plaintiff's First Count is dismissed without prejudice, and Plaintiff may seek leave to amend his Complaint to state a claim under another statute.[FN2]

> FN2. Both parties spend considerable time debating choice of law. However, such an analysis is not required here, because Plaintiff has specifically asserted New Jersey law in his Complaint. After selecting a specific state's law as the grounds of his action, Plaintiff cannot now alter his strategy without seeking leave to amend his Complaint. *See, e.g., Cousins v. Instrument Flyers, Inc .,* 376 N.E.2d 914, 915 (1978) (holding that because plaintiff sued in New York and assumed New York law would apply, he was precluded from later suggesting Pennsylvania law should apply).

*C. Second Count-Breach of Implied Contract*

Because both parties agree that New York law applies to Plaintiff's Second Count, this Court's analysis will proceed under that law. In New York, employment is presumed to be at will. A discharged employee, however, may rebut that presumption and recover against an employer for breach of implied contract by establishing that "the employer made the employee aware of its express written policy limiting its right of discharge and that the employee detrimentally relied on that policy in accepting the employment."*De Petris v. Union Settlement Assoc.,* 657 N.E.2d 269, 276 (N.Y.1995); *see also Marfia v. Bankasi,* 147 F.3d 83, 87-89 (2d Cir.1998) (holding that an employee who detrimentally relied on the express terms of the "Involuntary Provision" in his employee manual could recover against his employer). While statements in an employee manual may give rise to an implied contract between employer and employee, "those statements still must provide a basis for implying a specific contractual promise."*Canty v. Rudy's Limousine,* No. 04-cv-1678, 2005 U.S. Dist. LEXIS 20495, at *10 (D.Conn. Sep. 15, 2005). Consequently, any promises in the employee manual that are merely general statements of adherence to anti-discrimination laws do not, by themselves, create separate and independent contractual obligations. *See Gally v. Columbia Univ.,* 22 F.Supp.2d 199, 208 (S.D.N.Y.1999) (holding that a provision in the student Code of Conduct manual stating "all students should receive fair and equal treatment" was nothing more than a statement of existing law concerning discrimination, and was

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

insufficient to create a contractual obligation on the part of the university).

*3 Here, Plaintiff claims that the employee manual's terms assure employees an environment free from unlawful discrimination, that Plaintiff relied on this express provision, and that the alleged harassment and discrimination by Defendants violated this provision. Utility's employee manual provides that "no employee ... will be discriminated against based upon their age" and that "[a]ll individuals will be treated equally and will not be discriminated against."(Pl.'s Ex. B.) This provision is a mere statement of adherence to anti-discrimination law and does not, therefore, create any contractual obligations. Thus, Defendants' Motion to Dismiss Plaintiff's Second Count is granted.

*D. Third Count-Intentional Infliction of Emotional Distress*

Defendants argue that Plaintiff's Third Count should be dismissed because his Complaint fails to clearly allege the necessary elements of this claim. Both New York and New Jersey cases look to the Restatement (Second) of Torts in construing this type of claim, which explains that, in order to establish intentional infliction of emotional distress, the "conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."Restatement (Second) of Torts § 46 cmt. d. (1965); *see also Taylor v. Metzger,* 152 N.J. 490, 509 (1998)*Murphy v. Am. Home Prods. Corp.,* 58 N.Y.2d 293, 303 (N.Y.1983). Recognizing the difficulty of meeting such a high burden, courts have noted that "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress,"*Cox v. Keystone Carbon Co.,* 861 F.2d 390, 395 (3d Cir.1988), and that "the limited scope of [this] tort tolerates many kinds of unjust, unfair and unkind conduct."*Bishop v. Okidata,* 864 F.Supp. 416, 427 (D.N.J.1994) (citing *Fregara v. Jet Aviation Bus. Jets,* 764 F.Supp. 940, 956 (D.N.J.1991)).

Here, Plaintiff has alleged only conclusory statements that Defendants intentionally or recklessly subjected Plaintiff to extreme and outrageous conduct and, as a result, Plaintiff has suffered severe emotional distress, anxiety, and depression. (Compl .¶¶ 30, 42-44.) Even construing the Complaint in the light most favorable to Plaintiff, these allegations are insufficient as a matter of law to state a claim for intentional infliction of emotional distress because they are insufficient to meet the extreme and outrageous standard. *See, e.g., Zamboni v. Stamler,* 847 F.2d 73, 80 (3d Cir.1988) (holding that defendant's constant and oppressive harassment of plaintiff, leading to plaintiff's painful and chronic spastic colon, psychological, and emotional problems, was insufficient to rise to the level of severe and outrageous conduct); *Davis v. City of New York,* No. 00-cv-4309, 2000 U.S. Dist. LEXIS 18520, at *34-36 (S.D.N.Y. Dec. 27, 2000), *aff'd,*75 F. App'x 827 (2d Cir.2000) (holding that plaintiff's suffering of "severe stress, anxiety, and emotional trauma as a result of his summary termination," and plaintiff's mere conclusory allegations that he suffered intentional infliction of emotional distress were insufficient as a matter of law to support a claim for intentional infliction of emotional distress). Thus, Defendants' Motion to Dismiss Count Three is granted.

*E. Fourth Count-Slander Per Se*

*4 Defendants argue that Plaintiff's claim for slander should be dismissed as time-barred. Under both New Jersey and New York law, the statute of limitations for libel or slander is one year. N.J. Stat. Ann. § 2A:14-3; N.Y. C.P.L.R. 215. Plaintiff was terminated on March 25, 2005, and his Complaint was filed on July 27, 2006. Therefore, the allegedly slanderous statements made by Defendants during the course of Plaintiff's employment occurred more than one year before Plaintiff filed his Complaint, and Plaintiff's claims are thus time-barred.

However, in addition to allegedly slanderous statements made by Defendants during the course of Plaintiff's employment, Plaintiff also claims in his Certification that, on July 27, 2005, more than four months after Plaintiff's termination, Kranz made intentionally and maliciously false statements to Bob Lipman, Kranz's attorney. (Pl.'s Cert. ¶ 6.) While the allegations asserted in Plaintiff's Certification are not barred by the statute of limitations, they are prohibited because no such allegations appear in the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Complaint.[FN3] Generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings" unless the document is "integral to or explicitly relied upon in the complaint."*In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir.1997).* The "integral or explicitly relied upon" exception specifically does not apply to Plaintiff's Certification. *Fountain v. Giove Law Offices,* No. 06-cv-2993, 2006 U.S. Dist. LEXIS 93972, at *8-9 (D.N.J. Dec. 29, 2006) (holding that even where a plaintiff's certification is clear, it cannot be used to save an inadequate complaint). Therefore, Plaintiff cannot use his Certification to advance his Fourth Count because his Complaint has alleged slander by Defendants only during his employment, which terminated March 25, 2005. Thus, Plaintiff's Fourth Count is dismissed as time-barred.

> FN3. Plaintiff states in his Complaint that "[a]fter his termination, Defendants' counsel claimed that [Utility] maintained a file on the Plaintiff and that there were approximately four infractions by the Plaintiff which was why he was terminated."(Compl.¶ 27.) Plaintiff does not allege in his Complaint, however, that Defendants made any slanderous statements after Plaintiff's termination.

Furthermore, Plaintiff's effort to ground his slander complaint upon pre-litigation communications between Defendant and his attorney is likely to fail. Both New York and New Jersey law recognize that statements made by a defendant to his attorney in an attempt to resolve or settle plaintiff's allegations pre-suit, or in preparation for civil litigation, are protected by privilege. See *Jones Lang Wootton USA v. LeBoeuf, Lamb, Greene & MacRae,* 243 A.D.2d 168, 182 (N.Y.App.Div.1998); *Loigman v. Twp. Comm.,* 185 N.J. 566, 580-90 (2006). Thus, Defendant's alleged statements, made to his attorney one year before Plaintiff filed this action, cannot be used to support a claim for slander, and Plaintiff's Fourth Count is dismissed.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 2nd day of April, 2007,

ORDERED that Defendants Utility and Audie Kranz's Motion to Dismiss [5] is GRANTED.

D.N.J.,2007.
Turkus v. Utility Manufacturing Co., Inc.
Slip Copy, 2007 WL 1040986 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.