UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA SRONKOSKI,  )<br>  )<br>   Plaintiff,  )<br>  ) **CASE NO. 08 C 721**<br>   v.  )<br>  ) **Judge John F. Grady**<br>SCHAUMBURG SCHOOL  )<br>DISTRICT 54,  ) **Magistrate Judge Geraldine Brown**<br>  )<br>   Defendant.  ) | |

**DEFENDANT'S PARTIAL ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Now comes Defendant, SCHAUMBURG SCHOOL DISTRICT NO. 54 (hereinafter referred to as "District" or "Defendant"), by and through its attorneys, Franczek Sullivan P.C., and for its Partial Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand, states as follows:

**INTRODUCTION**

1. This is an action under the Americans with Disabilities Act (the "ADA") against Defendant for its discriminatory treatment and unlawful termination of SRONKOSKI, a qualified individual with a disability. This action also contains a state law claim for intentional infliction of emotional distress.

**ANSWER:** Defendant admits that Plaintiff seeks redress, but denies Plaintiff was subject to discriminatory treatment under the ADA. Defendant further denies that Plaintiff is a qualified individual with a disability under the ADA. Defendant admits the complaint contains a state law complaint for intentional infliction of emotional distress, but denies that it engaged in any practices or conduct that would constitute grounds for such a claim. See Defendants' Motion to Dismiss Count II of Plaintiff's Complaint.

369569.1

## PARTIES

2.  SRONKOSKI is an individual who present resides in Hoffman Estates, Illinois. SRONKOSKI is a citizen of the United States of America and she is entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 2.

3.  Defendant is a public school district located in Schaumburg, Illinois and has, on information and belief, in excess of 500 employees. Defendant qualifies as an employer for purposes of the ADA.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 3.

## JURISDICTION AND VENUE

4.  This action arises under, and jurisdiction is founded on, 28 U.S.C. §§ 1331 and 1343(4), and the Americans with Disabilities Act, 42 U.S.C. §12101 and the Civil Rights Act of 1991. SRONKOSKI also alleges a state law claim for intentional infliction of emotional distress, and supplemental jurisdiction is founded on 28 U.S.C. § 1367.

**ANSWER:** Defendant admits that this Court has jurisdiction over claims alleged under the Americans with Disabilities Act, but denies that this Court has jurisdiction to hear Plaintiff's state law claim for intentional infliction of emotional distress. Defendant denies the remaining allegations contained in Paragraph 4.

5.  Venue is proper pursuant to 28 U.S.C. §1391(a). This is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

**ANSWER:** Defendant admits that venue is proper, but denies that this Court has jurisdiction to hear Plaintiff's state law claim for intentional infliction of emotional distress.

6.  SRONKOSKI timely filed a Charge of Discrimination claiming she had been discriminated against on or about May 17, 2007.

369569.1

**ANSWER:** Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC on or around May 17, 2007. Defendant denies the remaining allegations in Paragraph 6.

7.  Upon request, the Civil Rights Division of the U.S. Department of Justice issued a Notice of Right to Sue to SRONKOSKI's attorney on November 8, 2007, which was received by him on November 13, 2007. This action has been filed within 90 days of receipt of that Notice. (A Copy of the Notice of Right to Sue is attached as Exhibit A.)

**ANSWER:** Defendant admits the allegations set forth in Paragraph 7, but denies that Plaintiff attached her Notice of Right to Sue letter as an exhibit to her Complaint. Defendant admits that it has received a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission.

8.  SRONKOSKI has exhausted her federal administrative remedies and under U.S.C. § 2000e-5 has standing to file an ADA action against Defendant.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth in Paragraph 8.

**FACTS COMMON TO ALL COUNTS**

9.  SRONKOSKI began her employment with Defendant in 1996 as a special education teacher's assistant at on of the school's within Defendant's district. SRONKOSKI was a special education teacher's assistant at all times relevant hereto until the time of her discharge.

**ANSWER:** Defendant admits the Plaintiff began her employment with the Defendant in 1996 as a special education teacher's assistant, and was employed as such through the date of her termination.

10. At all times relevant hereto, SRONKOSKI suffered from diabetes, and she has a substantial visual impairment due to her diabetes. As a result of these medical conditions, SRONKOSKI was substantially limited in the major life activities of, *inter alia,* seeing, concentrating, and eating.

3

**ANSWER:** To the extent that "all times relevant hereto" is in reference to the Plaintiff's term of employment with the Defendant, the Defendant admits that it learned Plaintiff is visually impaired through her initial employment application with the District which was submitted in February 1996, and that at some point during Plaintiff's employment the Defendant learned that the Plaintiff had diabetes. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 10.

    11.    At all times relevant hereto, Defendant was aware that SRONKOSKI suffered from diabetes and from a substantial visual impairment.

**ANSWER:** To the extent that "all times relevant hereto" is in reference to the Plaintiff's term of employment with the Defendant, the Defendant admits that it was aware that Plaintiff had diabetes. Defendant further admits that it was aware that the Plaintiff was visually impaired. Defendant denies the remaining allegations set forth in Paragraph 11.

    12.    Despite SRONKOSKI's diabetes and visual impairment, and the substantial limitations resulting therefrom, she was able to perform the essential functions of her job, and, at all times relevant hereto, she performed her job satisfactorily.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 12.

    13.    Beginning in or around 2004, SRONKOSKI repeatedly requested from defendant, as a reasonable accommodation for her disability, that she be given temporary short breaks when she experienced problems with her blood sugar level, which would allow her to eat or drink foods necessary to balance her blood sugar levels. Alternatively, she requested that she be allowed to ask another employee to get her the necessary food and drink when she experienced low blood sugar levels.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 13.

14. Defendant repeatedly refused SRONKOSKI's requests for an accommodation.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 14.

15. On or about November 16, 2006, Defendant discharged SRONKOSKI because of her disability.

**ANSWER:** Defendant admits that it discharged the Plaintiff on or around November 16, 2006, but denies the remaining allegations set forth in Paragraph 15.

16. Defendant's conduct in refusing to accommodate SRONKOSKI constituted a continuing campaign against SRONKOSKI intended to result in the discharge of her from her employment, which was motivated by SRONKOSKI's disability and because Defendant regarded her as disabled.

**ANSWER:** Defendant admits that it discharged the Plaintiff on or around November 16, 2006, but denies the remaining allegations set forth in Paragraph 16.

## COUNT I – VIOLATION OF THE ADA

17. Plaintiff realleges paragraphs 1-16 as paragraph 17 as if set forth fully herein.

**ANSWER:** The Defendant reasserts and incorporates by reference its foregoing responses to each and every allegation in Paragraphs 1-16.

18. At all time relevant hereto, SRONKOSKI was a qualified individual with a disability because her diabetes and visual impairment substantially limited her in the major life activities of, inter alia, seeing, concentrating and eating. In the alternative, SRONKOSKI was a qualified individual with a disability because Defendant regarded her as being substantially limited in the major life activities of, inter alia, concentrating and working.

**ANSWER:** To the extent that "all times relevant hereto" is in reference to the Plaintiff's term of employment with the Defendant, the Defendant admits that the Plaintiff was a qualified employee with a disability because of her diabetes. Defendant denies the remaining allegations set forth in Paragraph 18.

5

369569.1

19. At all times relevant hereto, SRONKOSKI was an employee of defendant as that term is defined under 42 U.S.C. § 12111(4).

**ANSWER:** To the extent that "all times relevant hereto" is in reference to the Plaintiff's term of employment with the Defendant, the Defendant admits the allegations set forth in Paragraph 19, but clarifies that the Plaintiff was employed by the Defendant for the 1996-1997 school year through the 1998-1999 school year until she took a medical leave of absence starting in June, 1999. Defendant further clarifies that the Plaintiff was reemployed by the Defendant around September 2001 for the 2001-2002 school year and remained employed until she was discharged during the 2006-2007 school year on November 16, 2007.

20. At all times relevant hereto, SRONKOSKI was able to perform the essential functions of her position with or without an accommodation by the Defendant.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 20.

21. Defendant is an employer and a covered entity under the ADA, 42 U.S.C. § 12111(a)(5)(a).

**ANSWER:** Defendant admits the allegations set forth in Paragraph 21.

22. Defendant discriminated against SRONKOSKI on the basis of her disability in fact, and her perceived disability, in violation of the ADA by refusing to accommodate her disability and then terminating her because of her disability on or about November 16, 2006.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 22.

23. Defendant's conduct with regard to SRONKOSKI demonstrated an egregious and callous disregard of her rights under the ADA.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 23.

24. As a direct and proximate result of Defendant's unlawful conduct, SRONKOSKI has suffered severe emotional distress, lost wages

...

and employee benefits, and she will continue to lose wages and benefits in the future.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 24.

## COUNT II – 
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. SRONKOSKI reasserts and realleges paragraphs 1-16 as paragraph 25 of Count II as if set forth fully.

**ANSWER:** Defendant makes no response to any Paragraph under Count II because it has filed a Motion to Dismiss Count II and a Memorandum in Support of its Motion to Dismiss Count II. Defendant reserves the right to answer this Paragraph in the event Defendant's Motion to Dismiss is denied.

26. Defendant, with full knowledge of SRONKOSKI's medical conditions, refused her requested accommodations.

**ANSWER:** Defendant makes no response to any Paragraph under Count II because it has filed a Motion to Dismiss Count II and a Memorandum in Support of its Motion to Dismiss Count II. Defendant reserves the right to answer this Paragraph in the event Defendant's Motion to Dismiss is denied.

27. Defendant's ongoing refusal to accommodate SRONKOSKI's medical conditions was part of a campaign intended to cause Ms. Sronkoski to appear to be unable to perform her job satisfactorily, thereby giving it a pretext to discharge her. This campaign, which culminated in Defendant's discharge of SRONKOSKI, constituted extreme and outrageous conduct.

**ANSWER:** Defendant makes no response to any Paragraph under Count II because it has filed a Motion to Dismiss Count II and a Memorandum in Support of its Motion to Dismiss Count II. Defendant reserves the right to answer this Paragraph in the event Defendant's Motion to Dismiss is denied.

28. Defendant acted with intent to inflict severe emotional distress upon SRONKOSKI, or Defendant had knowledge that is conduct would inflict severe distress on SRONKOSKI.

**ANSWER:** Defendant makes no response to any Paragraph under Count II because it has filed a Motion to Dismiss Count II and a Memorandum in Support of its Motion to Dismiss Count II. Defendant reserves the right to answer this Paragraph in the event Defendant's Motion to Dismiss is denied.

29. Defendant's actions proximately caused severe emotional distress to SRONKOSKI.

**ANSWER:** Defendant makes no response to any Paragraph under Count II because it has filed a Motion to Dismiss Count II and a Memorandum in Support of its Motion to Dismiss Count II. Defendant reserves the right to answer this Paragraph in the event Defendant's Motion to Dismiss is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim for which relief can be granted under the ADA.

2. Plaintiff's Complaint fails to assert facts for which relief can be granted under a state claim of intentional infliction of emotional distress. Further, Plaintiff's state claim is barred by the Tort Liability of School Act. 745 ILCS 25 et seq.

3. To the extent Plaintiff has failed to mitigate her damages, relief is barred.

4. To the extent Plaintiff has mitigated her damages, any relief must be decreased by the amount of earnings, compensation and benefits provided to her during the relevant time period.

5. To the extent Plaintiff seeks to recover for alleged acts or incidents occurring prior to the applicable statute of limitations period, her claim is barred.

6. To the extent Plaintiff alleges claims that are beyond the scope of the allegations in her Charge of Discrimination, those claims are barred and beyond this Court's jurisdiction.

7. Plaintiff's claims are barred to the extent they have failed to satisfy and/or exhaust any and all administrative, jurisdictional and/or procedural prerequisites to suit.

8. Plaintiff's claims are barred because the Defendant exercised reasonable care to promptly address Plaintiff's medical needs – despite the Plaintiff having failed to request an accommodation – and the Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the Defendant.

9. Plaintiff's disability discrimination claim is barred because she failed to engage in good faith in the interactive reasonable accommodation process.

10. Plaintiff is immune from damages under Section 2-109 of the Tort Immunity Act in combination with Section 2-201 of the Act. 745 ILCS 10/2-109; 745 ILCS 10/2-201.

11. Plaintiff cannot recover punitive damages because the District is immune from such liability under Section 2-102 of the Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/2-102.

        Respectfully submitted,

        SCHAUMBURG SCHOOL DISTRICT NO. 54


        By: **s/Dana Fattore Crumley**
              One Of Its Attorneys

Dana Fattore Crumley - 06274759
Julie Miceli - 06293378, OH – 0078257
Franczek Sullivan P.C.
300 South Wacker Drive
Suite 3400
Chicago, Illinois 60606-6783
(312) 986-0300

Dated: February 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2008, I electronically filed the foregoing **Partial Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Josh Friedman
>The Law Offices of Josh Friedman
>120 South State Street
>Suite 200
>Chicago, IL 60603
>
>Joan E. Maloney
>The Law Offices of Joan Maloney, LLC
>2300 West Wabansia Avenue
>Suite 221
>Chicago, IL60647-6787

>**s/ Dana Fattore Crumley**
>06274759
>Attorney for SCHAUMBURG SCHOOL DISTRICT No. 54
>Franczek Sullivan P.C.
>300 South Wacker Drive Suite 3400
>Chicago, IL  60606
>(312) 986-0300
>(312) 986-9192
>dfc@franczek.com